FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2020 JAN 22 PM 7:09

AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHANEL WHITE, et al.

   *Plaintiffs*,

v.

   Civil Action No. ELH-19-03316

THE ADT CORPORATION, et al.

   *Defendants*.

## MEMORANDUM

In this consumer protection action, self-represented plaintiffs Chanel White, Jacob White, Jai'-La Armstrong, and Jael White filed suit in the Circuit Court for Baltimore City against defendants The ADT Corporation and ADT, LLC d/b/a ADT Security Services (collectively, "ADT"). ECF 2 (the "Complaint").[1] Plaintiffs allege that ADT employed deceptive marketing practices to induce them to purchase an ADT alarm system for their Baltimore home, but that the alarm was inoperable and failed to alert authorities during a home invasion, resulting in Mr. White suffering grievous bodily harm. The Complaint alleges violations of the Maryland Consumer Protection Act, Md. Code (2015 Repl. Vol.), § 13-301 *et seq.*, of the Commercial Law Article ("C.L.") (Counts I and II), and asserts a claim for unjust enrichment (Count III).[2]

---

[1] The Complaint lists the plaintiffs as Chanel White, Jacob White, Jai'-La Armstrong, and Jael White. *See* ECF 2 at 1. However, the Complaint is signed "Plaintiffs, Chanel White, individually, Pro se." *Id.* at 16. Of course, if Ms. White is not an attorney, she may only represent herself. *See Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981) (observing that a *pro se* litigant's "suit is . . . confined to redress for violation of his own personal right"); *accord Davis v. PrimeCare Med., Inc.*, PWG-18-229, 2019 WL 763962, at *3 (D. Md. Feb. 21, 2019).

[2] Count I is titled "Violation of Maryland Consumer Practices Act, Title 13, Sub 4, *Et Seq.*, Act." ECF 2 at 10. And, Count II is titled "Violation of the MD. Code Comm. Law Consumer

On November 18, 2019, ADT removed the suit to federal court on the basis of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. ECF 1 ("Notice of Removal"). Thereafter, ADT filed a motion to dismiss (ECF 6) supported by a memorandum of law (ECF 6-1) (collectively, the "Motion"), pursuant to Fed. R. Civ. P. 12(b)(6). Five exhibits are appended to the Motion. ECF 6-2 to ECF 6-6. In the Motion, ADT asserts, *inter alia*, that plaintiffs' Complaint is barred by a settlement agreement reached in a nationwide class action involving identical claims. ECF 6-1 at 6-9.

On November 26, 2019, the Clerk of Court mailed plaintiffs a letter notifying them that defendants had filed a motion to dismiss and advising them that failure to file a written response within seventeen days from the date of the letter could result in dismissal of the case. *See* ECF 7. On December 13, 2019, Ms. White requested an extension of time to respond to the Motion, seeking a deadline of December 30, 2019. ECF 9. In the submission, Ms. White stated that she would "secure counsel within the extended time and submit a response to the court before any extended deadline." *Id.* By Order of December 31, 2019, the Court granted Ms. White an extension to file an opposition, due by January 13, 2020. ECF 10.

To date, plaintiff has not filed any opposition to the Motion, and the time for her to do so has expired. *See* Local Rule 105.2(a); Fed. R. Civ. P. 6(d). No hearing is necessary to resolve this matter. *See* Local Rule 105.6.

Because plaintiffs failed to file any opposition to the Motion, this Court has the discretion to dismiss the case without reaching the merits. When a plaintiff fails to oppose a motion to

---

Fraud and Deception Business Practices Act." *Id.* at 13. Both counts cite to C.L. § 13-301, which is the Maryland Consumer Protection Act.

dismiss, a district court is "entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted" in the motion. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."); *Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of claim). Moreover, a district court has "the inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute." *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).

To be sure, a plaintiff's failure to oppose a motion to dismiss is no guarantee of victory for the defendant, because the district court also has discretion to decline to "grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit." *United States v. Sasscer*, Civ. No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000). Nevertheless, I detect no obvious lack of merit in defendants' Motion.

As noted, ADT contends that plaintiffs' Complaint is foreclosed by a class action settlement. ECF 6-1 at 6-9. According to ADT, between November 2014 and May 2016, five plaintiffs filed lawsuits against ADT in Illinois, California, Arizona, and Florida, alleging consumer protection violations, products liability, and unjust enrichment on behalf of a putative class of persons who entered into an alarm services contract with ADT. ECF 6-1 at 2; ECF 6-2 (Class Action Complaints). In March 2017, ADT entered into a global settlement agreement, which was approved on July 22, 2019, by Judge John Tigar of the United States District Court for the Northern District of California. *See* ECF 6-1 at 3; ECF 6-4 (N.D. Cal. Order of July 22, 2019);

*see also Edenborough v. ADT, LLC*, 16-cv-02233-JST, 2019 WL 4164731 (N.D. Cal. July 22, 2019). Under the settlement agreement, individual class members could object to or opt out of the settlement class by providing written notice to the settlement administrator by January 2, 2018. *See* ECF 6-4 at 5-6. Further, plaintiff avers that a settlement administrator provided notice of the settlement to potential class members via regular mail, electronic mail, publication in a national newspaper, and a toll-free hotline. ECF 6-1 at 3; ECF 6-6 (Declaration Regarding Notice and Settlement), ¶¶ 4-9.

Defendants maintain that plaintiffs are members of the class action because they allege that they purchased an ADT alarm services contract in August 2015, and the Complaint asserts consumer protection claims. *See* ECF 6-1 at 7. However, according to ADT, plaintiffs did not opt out of the settlement. *Id.*; *see also* ECF 6-6 at 18-21. Thus, defendants assert that plaintiffs are bound by the settlement agreement and therefore the Complaint must be dismissed with prejudice. ECF 6-1 at 8.

ADT attached five exhibits in support of the Motion. ECF 6-2 is a compilation of the class action complaints filed in federal court. ECF 6-3 is a copy of plaintiff's memorandum in support of the class action settlement. *See Edenborough v. ADT, LLC*, 16-cv-02233-JST, ECF 94 (N.D. Cal.). ECF 6-4 is the order granting final approval of the global settlement. *See Edenborough v. ADT, LLC*, 16-cv-02233-JST, 2019 WL 4164731 (N.D. Cal. July 22, 2019). ECF 6-5 contains a copy of the settlement agreement. *See Edenborough v. ADT, LLC*, 16-cv-02233-JST, ECF 94-1 (N.D. Cal.). And, ECF 6-6 is a supplemental declaration pertaining to the settlement agreement. *See Edenborough v. ADT, LLC*, 16-cv-02233-JST, ECF 138 (N.D. Cal.). The Court may take judicial notice of these materials as they "'matters of public record.'" *Goldfarb v. Mayor & City*

*Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015) (citation omitted); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011).

In light of plaintiffs' failure to oppose the Motion, coupled with ADT's submissions, I will exercise my discretion to dismiss the Complaint, without prejudice. An Order follows.

Date: January 22, 2020
/s/
Ellen Lipton Hollander
United States District Judge